# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY WILLIAM OTERO | : CIVIL ACTION |
|---|---|
| v. | : |
| | : NO. 16-4643 |
| WARDEN, SCI DALLAS, *et al.* | : |

KEARNEY, J.  June 7, 2017

## MEMORANDUM

Anthony William Otero petitions for *habeas corpus* relief under 28 U.S.C. §2254 claiming his state court sentence violates a newly recognized constitutional right. Following referral, Chief Magistrate Judge Linda K. Caracappa recommended we summarily dismiss Mr. Otero's petition as untimely. After considering Chief Magistrate Judge Caracappa's extensive analysis and Mr. Otero's Objections, we adopt Chief Magistrate Judge Caracappa's Report and Recommendation and dismiss Mr. Otero's *habeas* petition as barred by the statute of limitations. Mr. Otero is not entitled to the statutory tolling or equitable tolling necessary to place his petition within the strict one-year limitation, and his petition cannot be substantively reviewed.

## I.  Background

Mr. Otero pled guilty to aggravated assault and three counts of possession with intent to deliver a controlled substance.[1] On April 27, 2012, the state court sentenced Mr. Otero from six years and seven months to thirteen years and two months' imprisonment. Mr. Otero's sentence became final on May 28, 2012.[2]

On September 19, 2012, Mr. Otero timely sought review under the Pennsylvania Post-Conviction Relief Act ("Act").[3] The state court dismissed Mr. Otero's petition as meritless on

April 3, 2013. On July 2, 2014, Mr. Otero again sought review under the Act based this time on *Alleyne v. United States* where the Supreme Court held facts increasing the statutory minimum sentence for crime must be decided by a jury beyond a reasonable doubt.[4] The state court dismissed Mr. Otero's claim as untimely on February 24, 2015, and on October 27, 2015, the Pennsylvania Superior Court affirmed the dismissal.[5]

**II.    Analysis**

On August 25, 2016, Mr. Otero asked this Court for *habeas corpus* review arguing his state court sentence is illegal under *Alleyne*.[6]  Mr. Otero claims he is entitled to tolling during the processing of his second state petition and for the time the Supreme Court decided *Alleyne* until the prison library made the opinion available to him. Chief Magistrate Judge Caracappa found: (1) Mr. Otero's second state petition may not be statutorily tolled because of improper filing; (2) Mr. Otero is not entitled to equitable tolling for the prison's failure to immediately make *Alleyne* available in the prison library; and (3) *Alleyne* does not apply retroactively on collateral review.   We agree with the Chief Magistrate Judge.

**A.    *Alleyne* is not retroactive on collateral review.**

We cannot substantively review a petition for *habeas corpus* if it does not meet the procedural standard of timeliness.[7]    Mr. Otero cites the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") exception for newly recognized constitutional rights, asserting *Alleyne* is "made retroactive on collateral review."[8]  As Chief Magistrate Judge Caracappa found, the Supreme Court decided *Alleyne* after Mr. Otero's finalized sentence, and our court of appeals directs, "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."[9]  The Supreme Court will not make a holding retroactive unless it announces a substantive rule placing "certain kinds of primary, private

2

individual conduct beyond the power of the criminal law making authority to prescribe" or it contains "watershed rules of criminal procedure."[10] Our court of appeals directs *Alleyne* does not announce a retroactive rule, "…the rule of criminal procedure announced by the Supreme Court in *Alleyne* does not apply retroactively to cases on collateral appeal."[11]

Mr. Otero objects to Chief Magistrate Judge Caracappa's Recommendation because our court of appeals' holding regarding the retroactivity of *Alleyne* is "directly refuted by United States Supreme Court precedent."[12] In *Montgomery v. Louisiana*,[13] the Court decided *Miller v. Alabama*[14] announced a new substantive constitutional rule necessarily retroactive on collateral review.[15] In *Miller*, the Court held mandatory life sentences without parole for juveniles violate the Eighth Amendment as "cruel and unusual punishment." The Court explained the retroactivity of substantive rules over procedural rules:

> Even where procedural error has infected a trial, the resulting conviction or sentence may still be accurate; and, by extension, the defendant's continued confinement may still be lawful. For this reason, a trial conducted under a procedure found to be unconstitutional in a later case does not, as a general matter, have the automatic consequence of invalidating a defendant's conviction or sentence.[16]

Mr. Otero's objection lacks merit. The Supreme Court has not made *Alleyne* retroactive, and the rule in *Alleyne* dictates only the procedure a criminal defendant must face. Unlike *Miller* where the age of the defendants provided the substantive element, *Alleyne* only mandates a jury finding for each additional fact contributing to an increase of the statutory minimum sentence and makes no reference to the status of the defendant or the crime alleged.

The statutory tolling exception applies only to those petitions "properly filed."[17] Our court of appeals directs a petition is properly filed when it is "submitted according to the state's procedural requirements, such as the rules governing the *time* and place of filing."[18] Mr. Otero's

3

second state petition did not abide by the rules governing the time of filing, and he is barred from statutory tolling while the claim processed.

### B. Mr. Otero is not entitled to equitable tolling.

Chief Magistrate Judge Caracappa properly held even if *Alleyne* applied retroactively *and* Mr. Otero's second claim could be statutorily tolled, Mr. Otero's *habeas* review filed on August 25, 2016 still exceeded the strict one-year limitation. Mr. Otero argues the limitation period should not begin until the prison library made *Alleyne* available on May 19, 2014 because the prison's refusal to allow Mr. Otero access constituted an "impediment to filing an application created by state action" entitling him to tolling until the library made the decision available.[19] Our court of appeals found lack of legal knowledge or training inadequate to entitle prisoners proceeding *pro se* to equitable tolling.[20] The prison's delay in furnishing Mr. Otero with the *Alleyne* decision represents a reality of prisoners' limited access to library materials rather than a state-created impediment. Once Mr. Otero gained access to *Alleyne*, he still inexplicably waited two years before filing this *habeas* petition. Mr. Otero has not demonstrated the untimeliness of his petition resulted from an extraordinary circumstance justifying equitable relief.

## III. Conclusion

Chief Magistrate Judge Caracappa correctly held Mr. Otero is not entitled to statutory tolling for his second state petition or to equitable tolling for library inadequacy. Mr. Otero's one-year limitation period tolled only while his first state petition pended from September 19, 2012 to April 10, 2013. When the state court dismissed his first claim, Mr. Otero had until December 17, 2013 to file a federal claim. This petition, filed on August 25, 2016, two years and

4

eight months after the statute of limitations expired, is summarily dismissed as barred by the procedural obstacle of timeliness.

---

[1] *Commonwealth v. Otero*, (CP-48-CR-0002665-2001); *Commonwealth v. Otero*, (CP-48-CR-0003862-2001).

[2] Pa. R. Crim. P. 720(A)(3).

[3] 42 Pa. C. S. § 9541, *et seq* (1988).

[4] *Alleyne v. United States*, 133 S. Ct. 2151 (2013)

[5] *See Commonwealth v. Otero*, No. 775 EDA 2015 (Pa. Super. Oct. 27, 2015).

[6] ECF Doc. No. 1, at p. 19.

[7] Judge Caracappa describes the standard of review:

> With respect to screening the instant petition, 28 U.S.C. § 2243 provides, in relevant part:
>> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the application or person detained is not entitled thereto.
>
> 28 U.S.C. § 2243. Moreover, under Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. § 2254, a district court is required to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Dismissal without the filing of an answer or the state court record is warranted "if it appears on the face of the petition that the petitioner is not entitled to relief." *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 2000).

[8] 28 U.S.C. § 2244(d)(1)(C).

[9] *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) (quoting *Tyler v. Cain*, 533 U.S. 653, 663 (2001)).

[10] *Teague v. Lane*, 489 U.S. 288, 303-304 (1989) (quoting *Mackey v. United States,* 401 U.S. 667, 693 (1971) (Harlan, J., concurring)).

[11] *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014).

[12] ECF Doc. No. 6, at p. 2.

[13] *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), *as revised* (Jan. 27, 2016).

[14] *Miller v. Alabama*, 567 U.S. 460 (2012).

[15] *Montgomery*, 136 S. Ct. 718 at 736.

[16] *Id.* at 730.

[17] 28 U.S.C. § 2244(d)(2).

[18] *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998) (emphasis added); *See also Artuz v. Bennett*, 531 U.S. 4, 6-7 (2000).

[19] 28 U.S.C. § 2243(d)(1)(B).

[20] *See e.g. Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013); *Patrick v. Phelps*, 764 F. Supp. 2d 669, 673 (D. Del. 2011) ("[L]imited access to the [prison's] law library and legal materials is a routine aspect of prison life.")